IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 09-cv-00131-WDM-MJW

SHANNON DOUGLASS,

     Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,

     Defendant.

---

## ORDER ON MOTION TO TRANSFER

---

Miller, J.

     This matter is before the court on the Motion to Transfer (doc no 7) filed by Defendant Union Pacific Railroad Company ("Union Pacific"). Plaintiff opposes the motion. Union Pacific seeks to transfer this case to the United States District Court for the District of Wyoming pursuant to 28 U.S.C. § 1404. Union Pacific did not file a reply brief; since the time for filing a reply has expired, I consider the briefing to be complete. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the Motion to Transfer will be denied.

### Background

     Plaintiff is a Union Pacific employee working as a conductor. According to his complaint, he contends that he has been subjected to repetitive stress and cumulative trauma over the course of his extended employment at Union Pacific. He further alleges that Union Pacific's negligence has resulted in his chronic and permanent spine injuries.

Plaintiff was hired by Union Pacific in 1977 and worked for one year in Denver.  In 1978 he was transferred to Cheyenne, Wyoming.  Although based in Wyoming, he worked at times throughout his career on trains that operated between Wyoming and Colorado.  He currently lives in Wyoming but alleges in his complaint that Colorado is the most convenient venue for his witnesses, primarily for two physicians based in the Denver area who have treated Plaintiff for his alleged injuries.

<u>Discussion</u>

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The party moving to transfer a case pursuant to section 1404(a) bears the burden of establishing that the existing forum is inconvenient.  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (citations omitted).  Motions to transfer pursuant to this provision should be determined according to an "individualized, case-by-case consideration of convenience and fairness."  *Id.* at 1516 (citations omitted).  Among the factors a district court should consider are the following:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967)).  An action

may be transferred under section 1404(a) at any time. *Id.*

Although a plaintiff's choice of forum is given deference, where that forum is not the plaintiff's residence, it is given less weight. *Ervin & Assoc., Inc. v. Cisneros*, 939 F. Supp. 793, 799 (D. Colo. 1996). Nonetheless, "unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

The parties apparently do not dispute that this case could have been filed in the District of Wyoming and that analysis under section 1404(a) is thus appropriate. Union Pacific argues that the case should be transferred because Plaintiff resides in Cheyenne, Wyoming, Plaintiff has received some medical treatment in Wyoming, Union Pacific's records are located in Cheyenne, Plaintiff's supervisor lives and works in Cheyenne, and some undetermined number of fact witnesses located in Wyoming may testify at the trial.

In response, Plaintiff argues that venue is most appropriate in the District of Colorado because his injuries resulted from his entire career with Union Pacific, including time spent in Colorado. In addition, he notes that among the witnesses so far identified, a nearly equal number are located in Colorado and Wyoming (additional witnesses are located in various other states). He also emphasizes the importance of the two medical witnesses in Colorado, who provided evaluation or treatment for Plaintiff in 2007. Plaintiff points out that Union Pacific has not provided any evidence that it will have difficulty with the attendance of the witnesses from Wyoming or that their testimony is essential and material. Morever, Union Pacific has provided no facts to show that the quantity of records in Cheyenne is so voluminous that Union Pacific will be substantially inconvenienced. Moreover, he notes that the distance from Cheyenne, Wyoming, to this court is

approximately 100 miles, which is not an unduly burdensome travel distance.

Applying the factors identified in *Chrysler Credit Corp.*, I do not find that the concerns identified by Union Pacific tip the balance in its favor such that the Plaintiff's choice of this forum should be disregarded, even if Plaintiff is not a resident of Colorado. The Plaintiff has chosen this forum for valid reasons, which weighs against transferring the case. Moreover, Union Pacific has not shown that it will be unable to insure the attendance of witnesses or that its costs will be substantially increased because some evidence and witnesses are 100 miles away from this courthouse. I note that Union Pacific's counsel is located in Denver as well. There do not appear to be any issues regarding the enforceability of a judgment if one is obtained. In addition, the parties have provided no evidence regarding relative advantages or obstacles to a fair trial as between the District of Colorado and the District of Wyoming or any issues regarding the applicable law. Given the relatively heavy burden on Union Pacific to show that the District of Wyoming is a superior venue for the convenience of the parties and witnesses and the interests of justice, I conclude that Union Pacific has not met its burden.

Accordingly, it is ordered:

1.      The Motion to Transfer (doc no 7) is denied.

DATED at Denver, Colorado, on April 23, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge


PDF FINAL