# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00131-WDM-MJW

SHANNON DOUGLASS,

Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,
a Delaware corporation,

Defendant.

## PROTECTIVE ORDER (Docket No 46-1)

Plaintiff, Shannon Douglass, has served Hans Dieter Schaller, an EMD employee, with a Third Party Notice of Deposition and Subpoena Duces Tecum requesting witness testimony and the production of certain documents and information relating to locomotives manufactured by EMD. EMD is willing to produce Mr. Shaller and certain relevant documents and information to Douglass subject to the terms and conditions of the following Protective Order.

Plaintiff Shannon C. Douglass ("Douglass"), and Union Pacific Railroad Company ("UP") by their undersigned attorneys, respectfully request that this Court enter the following Protective Order as stipulated to by the parties to this action with respect to documents and information received from non-party ElectroMotive Diesel, Inc., ("EMD").

## PROTECTIVE ORDER

1. All witness testimony as well as all information disclosed, furnished, or submitted, either voluntarily, pursuant to a subpoena or pursuant to a Court Order, by or on

behalf of EMD to any party in this litigation which EMD contends might reveal trade secrets, confidential research or development information, or proprietary commercial or business information, or otherwise requires protection from public disclosure in order to protect the business interests of EMD, will be deemed "CONFIDENTIAL" and will be designated as such by EMD. EMD will mark as confidential those documents, materials or information which are not previously produced to any person or entity without protection for their proprietary, confidential or trade secret matters and which are not generally available to members of the general public. The parties agree that all witness testimony that relates to or touches upon documents, materials or information that has been designated as "CONFIDENTIAL" is likewise to be treated as having been designated "CONFIDENTIAL".

    2.    All witness testimony and all documents designated "CONFIDENTIAL" by EMD pursuant to this Protective Order shall be used only in connection with pre-trial proceedings, preparation for trial, trial, or other associated proceedings only in the Douglass litigation. CONFIDENTIAL documents and/or testimony shall not be communicated in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Protective Order.

    3.    Access to any deposition testimony, documents, materials or information produced or disclosed in this action by EMD and designated "CONFIDENTIAL" by EMD or information derived from them (including any copies, recordings, disks, prints, negatives, extracts or summaries of the contents or substance thereof) shall be restricted and shall not be shown or the contents or existence thereof otherwise divulged, to any entity or person except:

        (a)    The attorneys in the law firms appearing on the record for the parties in this action and personnel who are directly employed by those firms

and are assisting counsel of record in the handling of this litigation;

(b) Those officers, directors, and employees of a party to this action whose assistance is required in the preparation of this litigation for trial and who must have access to the materials to render effective assistance;

(c) Experts witnesses who will testify at trial or expert consultants who have been retained or specially employed in connection with this action by a party to this action;

(d) The Court and Court personnel, including stenographic reporters engaged in such proceedings as are necessary incident to the preparation of this case for trial or the trial of this action; and

(e) Such other persons as EMD may agree to in writing, or, after notice to EMD, a Court of competent jurisdiction shall determine to be an appropriate recipient of "CONFIDENTIAL" materials following a hearing.

4.  Each qualified person described in subparagraphs (b), (c), or (e) of the preceding paragraph to whom materials designated as CONFIDENTIAL are to be furnished, shown, or disclosed shall first be presented by the disclosing party with a copy of this Protective Order. All such persons shall be bound by the terms of this Protective Order and after reading this Protective Order, shall sign the attached form of "Acknowledgment of Protective Order." Counsel for the disclosing party shall retain a signed copy of the "Acknowledgment of Protective Order" for each such individual being provided access to deposition testimony or documents designated "CONFIDENTIAL" until the conclusion of the Douglass litigation at which point a copy of each "Acknowledgment of Protective Order" shall be provided to counsel for EMD. These qualified persons shall use the "CONFIDENTIAL" information only for purposes of the Douglass litigation and shall not give, show, divulge or otherwise permit disclosure of any of the testimony, documents, materials or information produced by EMD which are designated "CONFIDENTIAL" or the

content, substance or facts of existence thereof to any other person or entity.

5.   All transcripts, depositions, exhibits or other pleadings or filings in this action which contain testimony or otherwise set forth documents, information or other materials or the contents thereof designated by EMD as "CONFIDENTIAL" shall likewise be subject to the terms of this Protective Order. Any such transcripts, depositions, exhibits, pleadings or other such documents or materials containing such confidential information which are filed with the Court, shall be filed in sealed envelopes or other sealed containers which shall bear the caption of this action, an indication of the nature of the content of such sealed envelope or container, the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and a statement substantially stating that the envelope or container is not to be opened or the contents thereof to be displayed or revealed except by express order of the Court.

6.   Nothing within this Protective Order prohibits either party from using deposition testimony or documents designated "CONFIDENTIAL" as exhibits at the time of a trial. However, any deposition testimony or documents designated as "CONFIDENTIAL" by EMD shall not lose the confidential protections afforded by this Protective Order by virtue of their use at any trial or their introduction into evidence.

7.   No deposition testimony or documents designated as "CONFIDENTIAL" by EMD and produced to any party in the Douglass litigation shall be produced to any person or corporation who may become a party to the Douglass litigation unless that party agrees to be bound by the terms of this Protective Order. Those additional parties shall become bound by the terms of this Protective Order by signing a Joinder Agreement which will be provided by counsel for EMD.

8.   Upon conclusion of this action, by settlement or otherwise, counsel for the

parties herein shall return to counsel for EMD all documents or other materials produced by EMD which are subject to this Protective Order, including the return of any and all copies, recordings, prints, disks, negatives or summaries thereof (including, but not limited to any such materials in the possession of any employees, experts or consultants), except those comprising any trial or appellate court record. As to any confidential documents or materials which comprise any portion of the trial or appellate record, they shall remain confidential and shall continue to be sealed in accordance with the terms of paragraph (5) of this Protective Order.

9.   Any "work product", summaries, duplication or notes prepared from or derived from the documents, materials or information marked as "CONFIDENTIAL" shall be destroyed by counsel for the parties upon the conclusion of this action, who shall then promptly advise counsel for EMD that compliance with this term of the Protective Order has been accomplished.

10.   Nothing in this Protective Order should be construed to prevent the parties from agreeing to a modification of the terms of this Protective Order with Court approval. Furthermore, any party to this agreement may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be deemed to prejudice the parties' rights to seek modification. However, if any party seeks a modification of this Protective Order, or otherwise challenges the appropriateness of any materials, information or documents which are designated by EMD as "CONFIDENTIAL", then that party will notify counsel for EMD in writing of the nature and scope of the proposed modification, including the identity of any documents or other materials which the party contends should not fall within the scope of this Protective Order. Within thirty (30) days of receiving written notice

from any party proposing a modification of this Protective Order, EMD may apply to the Court for an Order that the modification not be had and/or that the testimony, documents or other materials identified retain their designation "CONFIDENTIAL" pursuant to this Protective Order. If no application is made to the Court within the time provided, then the modification as proposed by the party challenging the designation will be deemed to be stipulated to by EMD and an appropriate Order shall be submitted to the Court for approval.

12.   EMD is a third party beneficiary to the terms and conditions of this Protective Order. EMD retains the right to seek redress in this Court should the terms of the Protective Order be violated.

13.   The terms and conditions of this Protective Order will remain in effect unless and until modified by a further Order of this Court.

**DONE AND ORDERED** this _20th_ day of _May_, 2010.

BY THE COURT:

_/s/ Michael J. Watanabe_

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00131-WDM-MJW

---

SHANNON C. DOUGLASS,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,
a Delaware corporation,

    Defendant.

---

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

---

_____, being first duly sworn, states that he or she resides at _____, County of _____, State of _____; that he or she has read and fully understands the attached Stipulation and Protective Order entered by the Court in the above captioned action; that he or she is fully familiar with and agrees to comply with and be bound by the provisions of said Order, and submits to the jurisdiction of this Court for any proceedings with respect to said Order including contempt proceedings; that he or she will not discuss with or divulge to persons other than those specifically authorized by said Protective Order, and will not copy or use, except solely for the purposes of the Douglass litigation and for no other purposes, any witness testimony, documents, materials or information obtained pursuant to said Protective Order except as expressly permitted by the Protective Order or further Order of this Court.

09-CV-00131-WDM-MJW
Exhibit A

_____
Name/address

Sworn to and subscribed before me
this _____ day of _____, 2010.

_____
NOTARY PUBLIC

G:\DENLAW\MARK HANSEN\OPEN\Douglass\PLEADINGS\MOTIONS AND SUCH\Proposed Protective Order - 5-17-10.doc.doc